# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

JEFF BECK, ALESIA DANIEL, :
    Plaintiffs, :
:
vs. : Case No. 1:14-cv-00013-B
:
ORIGINAL OYSTER HOUSE, INC., :
    Defendant. :

## ANSWER

Defendant Original Oyster House, Inc. answers the Complaint of Plaintiffs Jeff Beck and Alesia Daniel as follows:

1. Defendant admits the allegations of paragraph 1.

2. Defendant admits Jeff Beck was at times employed as a server at its Gulf Shores, Alabama restaurant, but denies the remainder of the allegations of paragraph 2.

3. Defendant admits Alesia Daniel was at times employed as a server at its Gulf Shores, Alabama restaurant, but denies the remainder of the allegations of paragraph 3.

4. The allegations of paragraph 4 are merely legal conclusions or descriptions of the lawsuit, not factual allegations. To the extent a response is required, Defendant denies Plaintiffs or anyone similarly situated to them are entitled to any of the relief sought.

5. Defendant denies the allegations of the second sentence of paragraph 5. The first sentence of this paragraph is merely a legal conclusion or description of the lawsuit, not a factual allegation. To the extent a response is required, Defendant denies Plaintiffs or anyone similarly situated to them are entitled to any of the relief sought.

6. Defendant admits Plaintiffs and some servers were paid an hourly wage of $2.13 per hour, plus tips, for performing the duties of a server, but otherwise denies the remainder of the allegations in paragraph 6.

7. Defendant denies the allegations in paragraph 7.

8. Defendant admits at times oyster shuckers shuck raw oysters in the kitchen, but otherwise denies the remainder of the allegations in paragraph 8.

9. Defendant admits at times kitchen staff (expeditors) assemble food on trays in the kitchen, but otherwise denies the remainder of the allegations in paragraph 9.

10. Defendant admits servers at times, if scheduled, were required to report to work at some point before customers were admitted to the restaurant, but otherwise denies the remainder of the allegations in paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant admits some of the duties described in paragraph 13 were performed by Plaintiffs and other servers at times during a shift, but denies the remainder of the allegations of this paragraph.

14. Defendant denies the allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant admits some of the duties described in paragraph 16 were performed by Plaintiffs and other servers at times during a shift, but denies the remainder of the allegations of this paragraph.

17. Defendant denies the allegations of paragraph 17.

18. Defendant admits oyster shuckers at times received a small percentage of servers' tips generated from raw oyster sales and further admits expeditors at times received a small percentage of servers' tips generated from food sales, but otherwise denies the allegations of this paragraph.

19. The allegations of paragraph 19 are merely legal conclusions. To the extent a response is required, Defendant denies the allegations of paragraph 19.

20. The allegations of paragraph 20 are merely legal conclusions. To the extent a response is required, Defendant denies the allegations of paragraph 20.

21. The allegations of paragraph 21 are merely legal conclusions. To the extent a response is required, Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. The allegations of paragraph 23 are merely legal conclusions. To the extent a response is required, Defendant denies the allegations of paragraph 23.

24. The allegations of paragraph 24 are merely legal conclusions. To the extent a response is required, Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant admits some of the duties described in paragraphs 13 and 16 were performed either at the beginning or at the end of a server's shift rather than interspersed throughout the shift, but otherwise denies the remaining conclusory allegations of paragraph 26.

27. Defendant admits servers were required at times to perform some of the same job duties and responsibilities as Plaintiffs and some of the duties described in paragraphs 13 and 16 depending on the scheduled shift, but otherwise denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant admits servers were required at times to perform some of the same job duties and responsibilities as Plaintiffs and some of the duties described in paragraphs 13 and 16 depending on the scheduled shift, and admits Plaintiffs and other servers were subject to Defendant's pay practices, but otherwise denies the allegations of paragraph 29.

30. Paragraph 30 is merely a legal conclusion or description of the relief sought in the lawsuit, not a factual allegation. To the extent a response is required, Defendant denies Plaintiffs or anyone similarly situated to them are entitled to any of the relief sought.

31. Defendant admits the allegations of paragraph 31.

32. Defendant admits the allegations of paragraph 32.

33. Defendant admits the allegations of paragraph 33.

34. Defendant admits the allegations of paragraph 34.

35. Defendant admits the allegations of paragraph 35.

36. Defendant admits the allegations of paragraph 36.

37. Defendant admits the allegations of paragraph 37.

38. Defendant admits the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Paragraph 45 is merely a legal conclusion or description of the relief sought in the lawsuit, not a factual allegation. To the extent a response is required, Defendant denies Plaintiffs or anyone similarly situated to them are entitled to any of the relief sought.

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Paragraph 48 is merely a legal conclusion or description of the relief sought in the lawsuit, not a factual allegation. To the extent a response is required, Defendant denies Plaintiffs or anyone similarly situated to them are entitled to any of the relief sought.

49. Paragraph 49 is merely a legal conclusion or description of the relief sought in the lawsuit, not a factual allegation. To the extent a response is required, Defendant denies Plaintiffs or anyone similarly situated to them are entitled to any of the relief sought.

50. Paragraph 50 is merely a legal conclusion or description of the relief sought in the lawsuit, not a factual allegation. To the extent a response is required, Defendant denies Plaintiffs or anyone similarly situated to them are entitled to any of the relief sought.

Defendant denies each and every remaining allegation in the Complaint not specifically admitted. The "WHEREFORE" clause is merely a prayer for relief which requires neither an admission nor a denial. Further answering, Defendant denies any allegation or inference that it engaged in any unlawful, illegitimate, wrongful, or impermissible conduct or that Plaintiffs or anyone similarly situated to them are entitled to any remedy or relief or damages whatsoever.

*AFFIRMATIVE DEFENSES*

Defendant hereby states the following affirmative defenses to the Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted. Defendant further reserves the right to assert other

affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

1. The Complaint, and each alleged claim for relief therein, fails in whole or in part, to state a claim upon which relief may be granted.

2. The Complaint fails to state facts sufficient to permit the awarding of damages.

3. Plaintiffs fail to satisfy the prerequisites for certification of a collective action and, therefore, lacks standing and cannot represent the interests of others as to the purported claims.

4. The types of claims alleged by Plaintiffs on behalf of themselves and the alleged similarly situated individuals, the existence of which are expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for collective action treatment.

5. Plaintiffs' claims are without merit and are not typical or common of those of the putative class nor are other employees similarly situated. Plaintiffs are not adequate representatives of the putative class, common issues do not predominate over individual issues, damages cannot be proven on a class-wide basis, and a collective action is not a superior method of adjudication of this case.

6. The alleged class Plaintiffs purport to represent is not manageable as a collective action and accordingly is not appropriate for collective action treatment.

7. Defendant has fully and/or substantially performed any and all obligations it may have had to Plaintiffs, and every person on whose behalf relief is sought.

8. Plaintiffs' claims, and the claims of each putative member of the purported class, are barred, in whole or in part, because Plaintiffs and others allegedly similarly situated have not sustained any injury or damage by reason of any act or omission of Defendant. Plaintiffs, and

every person on whose behalf relief is sought, have not been damaged in the sums or manner alleged, or in any sum or manner, or at all. Plaintiffs, and every person on whose behalf relief is sought, have been paid all amounts to which they may be entitled.

9. Any act or omission alleged to have given rise to Plaintiffs' Complaint in this action was in good faith and based on a reasonable belief that Defendant was in compliance with all applicable wage and hour requirements. Plaintiffs and each putative member of the purported class are not entitled to statutory double damages because Defendant did not willfully fail to pay wages and/or there is a bona fide dispute as to whether additional wages are owed.

10. Some or all of the damages sought are *de minimus* and not recoverable.

11. Plaintiffs' claims, and the claims of each putative member of the purported class, are or may be barred in whole or in part by laches or by the applicable statutes of limitations.

12. Plaintiffs' claims, and the claims of each putative member of the purported class, are or may be barred in whole or in part by the doctrines of estoppel, judicial estoppel, collateral estoppel, *res judicata*, issue preclusion, or claim preclusion.

13. Plaintiffs' claims, and the claims of each putative member of the purported class, are or may be barred in whole or in part by the doctrines of accord and satisfaction, payment, release, or failure of consideration.

## *DEFENDANT'S PRAYER FOR RELIEF*

WHEREFORE, Defendant prays as follows:

1. That Plaintiffs and the putative members of the purported Plaintiff class take nothing by the Complaint;

2. That the Complaint be dismissed in its entirety with prejudice and without costs or fees of any kind to awarded to Plaintiffs or any putative member of the purported class;

3. That Defendant recovers its costs of suit incurred herein, including reasonable attorneys' fees; and

4. That Defendant be granted such other and further relief as the Court may deem just and proper.

*/s/ Scott Hetrick*
R. Scott Hetrick (HETRR5277)
ADAMS AND REESE LLP
11 North Water St., Ste.23200
Mobile, Alabama 36602
Telephone (251) 433-3234
Facsimile (251) 438-7733
Email scott.hetrick@arlaw.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of February, 2014, I served a copy of the foregoing on counsel for Plaintiffs through the CM/ECF electronic filing system.

*/s/ Scott Hetrick*